IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JEROME STEVENS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06 CV 2107 |
| ) | |
| CAPT. RIGGS and ) | Judge Harold A. Baker |
| PAT HARTSHORN, ) | Magistrate Judge David G. Bernthal |
| ) | |
| Defendants. ) | |

**DEFENDANTS' ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COME the Defendants, CAPT. LES RIGGS and PATRICK HARTSHORN, by and through one of their attorneys, MICHAEL W. CONDON of HERVAS, CONDON & BERSANI, P.C., and, in answer to Plaintiff's complaint, state as follows:

**PREFATORY REMARKS**

Plaintiff's *pro se* complaint does not contain a series of separate numbered paragraphs as required under Fed. R. Civ. P. 10. Nonetheless, because Plaintiff's pleading is filed *pro se*, Defendants Riggs and Hartshorn accord it a liberal interpretation in accordance with *Haines v. Kerner*, 404 U.S. 519 (1972), and do not seek dismissal on those grounds. Accordingly, Defendants Riggs and Hartshorn will respond to Plaintiff's complaint with a general narrative on a sentence-by-sentence basis.

**Statement of Claim**

1.      I sent a request form to the nurse by Officer Happer 10-29-05 at 10:30 p.m. I have asthma and I have written serval [sic] request to the nurse.

**ANSWER:** Defendants deny that Plaintiff sent a request form to the jail nurse on October 29, 2005. Defendants admit generally that Plaintiff did send other request forms to see the nurse while he was in the Vermilion County Jail.

2. I have a albuterol pump that I came with, but I have my aerobid pump also. Also, I still fill [sic] like I can't breath short of breath. So I'm asking once again for your help I have'nt [sic] got yet.

**ANSWER:** Defendants admit that Plaintiff came into the Vermilion County Jail with an albuterol pump which he utilized while in the jail. Defendants affirmatively state that Plaintiff made a request for an aerobid inhaler on November 10, 2005. Defendants further state that Plaintiff did not have a prescription for an aerobid inhaler when he made the request on November 10, 2005. Plaintiff was subsequently prescribed an aerobid inhaler which was given to him on December 9, 2005.

3. I sent a request form to the nurse by Officer Caudell "11-10-05" 11:00 a.m. because I have'nt [sic] heard anything from my last request form.

**ANSWER:** Defendants admit only that Plaintiff sent a request form to the jail nurse on November 10, 2005. Defendants deny the remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

4. On 11-10-05 2:00 p.m. Officer Bennett I told him to give me a request form. He said he have to make copies so he'll go tell the nurse for me.

**ANSWER:** Defendants state that they have knowledge insufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Plaintiff's Complaint and, therefore, neither admit nor deny said allegations.

5. 11-11-05 1:30 p.m. Officer Corneeil, he was on K-block at about 1:30 p.m. because they had a water problem, I was in my cell locked in. I call him three times.

**ANSWER:** Defendants state that they have knowledge insufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of Plaintiff's Complaint and, therefore, neither admit nor deny said allegations.

6. Then someone said Officer Someone down here wants you he said I don't care.

**ANSWER:**   Defendants state that they have knowledge insufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of Plaintiff's Complaint and, therefore, neither admit nor deny said allegations.

7.   I was tring [sic] to give him my request form so I can see the nurse. He didn't come to see what I wanted.

**ANSWER:**   Defendants state that they have knowledge insufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of Plaintiff's Complaint and, therefore, neither admit nor deny said allegations.

8.   11-11-05 p.m. Officer Long pick up my request form. He told me that the nurse is off on weekends, so I'll have to wait until Monday.

**ANSWER:**   Defendants state that they have knowledge insufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Plaintiff's Complaint and, therefore, neither admit nor deny said allegations.

9.   11-18-05 I worte [sic] a request form, I'm sick, I have ashma [sic] I need a breathing treatment. Short of breath. I'm asking one [sic] again for your help. I have a med/card in my wallet. So I hope I don't have to pay to visit the nurse or for med's.

**ANSWER:**   Defendants admit only that Plaintiff sent a request form to the jail nurse on November 18, 2005, requesting a breathing treatment and requesting that he not have to pay for a visit to the nurse or for medications. Defendants affirmatively state that Plaintiff did receive a breathing treatment as requested on November 18, 2005.

10.   I had to cover the surveillance camera numerous amount's [sic] of times. At 6:15 p.m. inmates covered the camera and told Officer Luke Smith that I was having a ashma [sic] attack[.] He said let me tell Sergeant Maskel then the inmates uncovered the camera.

**ANSWER:**   Defendants state that they have knowledge insufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of Plaintiff's Complaint and, therefore, neither admit nor deny said allegations.

11.    At 6:30 p.m. still no one came. They covered the camera back up. At 6:55 p.m. they call and said uncover the camera that's when I said don't uncover the camera until they send someone to come and get me.

**ANSWER:**    Defendants state that they have knowledge insufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of Plaintiff's Complaint and, therefore, neither admit nor deny said allegations.

12.    7:00 p.m. that's when Sergeant Maskel came to get me, I gave him the request form. He took me down to give me a breathing treatment. He said he is sorry that he could'nt [sic] come sooner, cause the nurse was off on the weekends. And he's the only one that have keys to the door where the breathing treatment take's [sic] place.

**ANSWER:**    Defendants admit only that on November 18, 2005, Sgt. Maskel took Plaintiff to the infirmary to receive a nebulizer treatment. Defendants state that they have knowledge insufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 12 of Plaintiff's Complaint and, therefore, neither admit nor deny said allegations.

13.    7:25 p.m. he took me back to K-dorm where my cell was.

**ANSWER:**    Defendants admit the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.    A day before Thanksgiving I put a request form to the clinic. The clinic is not the same as the in house nurse. Because Nurse Cooke was not getting back with me.

**ANSWER:**    Defendants state that they have knowledge insufficient to form a belief as to the truth or falsity of the allegation that Plaintiff put in a request form to the clinic a day before Thanksgiving. Defendants deny that the jail nurse was not "getting back with me" regarding any request for treatment.

15.    So on Dec 2, 2005 the clinic came they call me down. I told them that I need my aerbid [sic] pump. They told me I have to talk to Cooke. She was right there.

**ANSWER:**    Defendants admit only that Plaintiff made a request to receive an aerobid inhaler and that Plaintiff was told that he needed a prescription for an aerobid inhaler.

4

> Defendants affirmatively state that Plaintiff subsequently obtained a prescription and then received an aerobid inhaler on December 9, 2005. Defendants deny the remaining allegations contained in paragraph 15 of Plaintiff's Complaint.

16. On Dec 8, 2005 Officer Mitch and Nurse Cooke gave me my aerbid pump. The officer said he will put my public aid card back in my wallet where it's safe.

**ANSWER:** Defendants generally admit the allegations contained in paragraph 16 of Plaintiff's Complaint, but affirmatively state that the jail records show that Plaintiff received the aerobid inhaler on December 9, 2005.

17. I think that people should not have to pay for meds. All this time I waited on my aerbid pump I could have die. They didn't give it to me cause it was $100.

**ANSWER:** Defendants deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. I had to get my public aid card sent from home. When I did it still took to long. They said the med/card was out date that's why I call my wife to send a updated one.

**ANSWER:** Defendants admit only that when Plaintiff arrived at the jail, his public aid card was expired. Defendants further admit that Plaintiff was advised that he needed to obtain a valid public aid card. Defendants affirmatively state that Plaintiff eventually did obtain an updated public aid card and that he subsequently received an aerobid inhaler on December 9, 2005, pursuant to a written prescription.

WHEREFORE, the Defendants, CAPT. LES RIGGS and PATRICK HARTSHORN, deny that the Plaintiff is entitled to any judgment whatsoever against them and prays this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

**DEFENDANTS DEMAND TRIAL BY JURY**

Respectfully submitted,

**s/ Michael W. Condon**
Michael W. Condon, Atty Bar No. 06192071
Attorney for Defendants
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mcondon@hcbattorneys.com

## **FIRST AFFIRMATIVE DEFENSE**

NOW COME the Defendants, CAPT. LES RIGGS and PATRICK HARTSHORN, by and through their attorney, MICHAEL W. CONDON of HERVAS, CONDON & BERSANI, P.C., and for their First Affirmative Defense to Plaintiff's Complaint, Defendants state as follows:

The Defendants did not violate any clearly established constitutional right of which a reasonable person would have known, thus entitling them to qualified immunity.

WHEREFORE, the Defendants, CAPT. RIGG and PATRICK HARTSHORN, deny that the Plaintiff is entitled to any judgment whatsoever against them and prays this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

**s/ Michael W. Condon**
Michael W. Condon, Atty Bar No. 06192071
Attorney for Defendants
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mcondon@hcbattorneys.com

## SECOND AFFIRMATIVE DEFENSE

NOW COME the Defendants, CAPT. LES RIGGS and PATRICK HARTSHORN, by and through their attorney, MICHAEL W. CONDON of HERVAS, CONDON & BERSANI, P.C., and for their Second Affirmative Defense to Plaintiff's Complaint, Defendants state as follows:

Plaintiff's claim is barred pursuant to the Prison Litigation Reform Act because Plaintiff failed to exhaust his remedies by filing a grievance with jail officials claiming that he was denied medical treatment.

WHEREFORE, the Defendants, CAPT. RIGG and PATRICK HARTSHORN, deny that the Plaintiff is entitled to any judgment whatsoever against them and prays this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

**s/ Michael W. Condon**
Michael W. Condon, Atty Bar No. 06192071
Attorney for Defendants
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mcondon@hcbattorneys.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JEROME STEVENS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06 CV 2107 |
| | ) |
| CAPT. RIGGS and | ) Judge Harold A. Baker |
| PAT HARTSHORN, | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 2, 2007, I electronically filed the foregoing *Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint* with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by certified mail with the United States Postal Service the document to the following non CM/ECF participant:

    **TO:**   Jerome Stevens, Sr. - B30889
               Sheridan Correctional Center
               Inmate Mail
               P.O. Box 38
               Sheridan, IL 60551
               *Pro Se*

by depositing a copy of same in the U.S. Mail at 333 Pierce Road, Itasca, Illinois on April 2, 2007, before 5:00 p.m., with the proper postage prepaid.

                                                      **s/ Michael W. Condon**
                                                      MICHAEL W. CONDON, Atty Bar No. 06192071
                                                      Attorney for Defendants
                                                      HERVAS, CONDON & BERSANI, P.C.
                                                      333 Pierce Road, Suite 195
                                                      Itasca, IL 60143-3156
                                                      630-773-4774
                                                      mcondon@hcbattorneys.com