IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| JEROME STEVENS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 CV 2107 |
| | ) | |
| CAPT. LES RIGGS and SHERIFF | ) | |
| PAT HARTSHORN, | ) | Judge Harold A. Baker |
| | ) | Magistrate Judge David G. Bernthal |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT THEIR
RULE 56.1 STATEMENT OF UNCONTESTED MATERIAL FACTS**

NOW COME the Defendants, PATRICK HARTSHORN and LES RIGGS, by and through their attorney, ZRINKA RUKAVINA of HERVAS, CONDON & BERSANI, P.C., and move this Honorable Court for leave to supplement their Rule 56.1 Statement of Uncontested Material Facts (d/e 43). In support of said motion, Defendants state onto this Honorable Court the following:

1. Defendants filed a Motion for Summary Judgement on October 19, 2007.

2. As part of Defendants' Rule 56.1 Statement of Uncontested Material Facts, reference is made to an Exhibit C, the affidavit of Lynn Galloway, the Director of Nursing at the Vermilion County Jail.

3. Defendants inadvertently neglected to attach the Galloway affidavit as an exhibit to their Rule 56.1 Statement and respectfully seek leave to supplement their Rule 56.1 Statement with the Galloway affidavit.

4. The delay in attaching the affidavit as an exhibit is in no way designed to prejudice or inconvenience any party to this action.

5. No harm or prejudice will inure to any party to this action as the result of the granting of this motion.

WHEREFORE, Defendants PATRICK HARTSHORN and LES RIGGS pray this Honorable Court grant them leave to supplement their Rule 56.1 Statement of Uncontested Material Facts with the Galloway affidavit.

Respectfully submitted,

**s/ Zrinka Rukavina**
ZRINKA RUKAVINA, Atty Bar No. 06287249
MICHAEL W. CONDON, Atty Bar No. 06192071
Attorney for Defendants
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
Phone: 630-773-4774
Fax: 630-773-4851
zrukavina@hcbattorneys.com
mcondon@hcbattorneys.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| JEROME STEVENS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 CV 2107 |
| | ) | |
| CAPT. RIGGS and | ) | Judge Harold A. Baker |
| PAT HARTSHORN, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 23, 2007, I electronically filed the foregoing ***Defendants' Motion for Leave to Supplement Their Rule 56.1 Statement of Uncontested Material Facts*** with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by certified mail with the United States Postal Service the document to the following non CM/ECF participant:

    **TO:**    Jerome Stevens, Sr.
              7635 S. Coles
              Apt. K
              Chicago, Illinois 60649-4377
              ***Pro Se***

by depositing a copy of same in the U.S. Mail at 333 Pierce Road, Itasca, Illinois on October 23, 2007, before 5:00 p.m., with the proper postage prepaid.

    **s/ Zrinka Rukavina**
    ZRINKA RUKAVINA, Atty Bar No. 06287249
    MICHAEL W. CONDON, Atty Bar No. 06192071
    Attorney for Defendants
    HERVAS, CONDON & BERSANI, P.C.
    333 Pierce Road, Suite 195
    Itasca, IL 60143-3156
    Phone: 630-773-4774
    Fax: 630-773-4851
    zrukavina@hcbattorneys.com
    mcondon@hcbattorneys.com

STATE OF ILLINOIS      )
                       )SS.
COUNTY OF VERMILION    )

### SWORN AFFIDAVIT OF LYNN GALLOWAY

I, LYNN GALLOWAY, being first duly sworn upon oath, do state and depose that I have personal knowledge of all facts which follow and, if called, I could testify to the following:

1. I have been the Director of Nursing at the Vermilion County Jail ("Jail") for the past year-and-a-half. Prior to this role, I supervised the Health Department's medical program at the Jail for ten years. In all, I have 25 years of nursing experience.

2. In addition to me, there is one full-time and one part-time nurse at the Jail until 3:00 p.m. during the work-week. Each member of the nursing staff is always on-call after hours and on weekends.

3. Inmates at the Jail are instructed at orientation to make requests, including those for medical treatment, in writing on forms provided by the administration. Inmates do occasionally make medical requests on plain paper, but there is no guarantee that such request would make it to the proper individual or department.

4. I have searched and have found no record of any written medical requests written by inmate Jerome Stevens, Sr. on or about October 29, 2005.

5. The first medical request I received from Mr. Stevens was one that he wrote on November 10, 2005. In the request he stated that he had an Albuterol inhaler with him but that he needed a new Aerobid inhaler. He also stated that he had never paid for his medication because he had a public aid card and hoped that he would not have to pay for the medicine at the


DEFENDANT'S EXHIBIT C

Jail. He informed me that he had a public aid card with him, which was expired, and that his wife was going to send him an up-to-date card in the mail.

6. We do not stock Aerobid inhalers at the Jail because they are very expensive. Since the majority of inmates at the Jail who are asthmatic do not use Aerobid inhalers, they would go to waste and would have to be thrown away after a period of time. We do stock Albuterol inhalers, however, and inmates are provided with a new inhaler when the old inhaler is out of medication and they request one.

7. I needed Mr. Stevens' valid public aid card in order to pay for a new Aerobid inhaler. Because Mr. Stevens' medical condition was stable – he had an Albuterol inhaler in his cell with him and he did not submit any further medical requests or tell me he was in an emergency situation – I felt that it was appropriate to wait for Mr. Stevens' valid public aid card to order the Aerobid inhaler.

8. On November 18, 2005, a Friday at 6:30 p.m., Mr. Stevens submitted a medical request seeking a nebulizer treatment. Because there was no medical personnel at the Jail at that time, the request was forwarded to a Sergeant, who brought Mr. Stevens to the infirmary for a breathing treatment. The breathing treatment was administered at 7:10 p.m.

9. The fact that Mr. Stevens required the breathing treatment did not lead me to believe that his asthma was an emergency situation. Asthmatics occasionally require such treatments when their inhalers are not adequate during an asthma attack. Further, it was not unusual for a Correctional Officer to bring an inmate for such treatment as all asthmatics can set up and administer the treatment.

2

10. Mr. Stevens made no further requests for a nebulizer treatment while he waited to receive the new Aerobid inhaler.

11. I spoke with Mr. Stevens sometime around Thanksgiving of 2005, when he came to the nurse's office for an appointment with the medical clinic. We discussed his request for a new Aerobid inhaler and I told him that I needed a valid public aid card in order to pay for the Aerobid inhaler. Mr. Stevens' asthma was stable at the time.

12. Mr. Stevens provided me with a valid public aid card on Friday, December 2, 2005. The jail doctor, Dr. Melvin Ehrhardt, ordered a prescription for the Aerobid on Monday, December 5, 2005, which was then submitted to the Polyclinic Pharmacy, from which the Jail orders all medication. I received the Aerobid inhaler from the pharmacy on December 7, 2005, and provided it to Mr. Stevens.

13. We take respiratory problems very seriously at the Jail. Anytime an inmate appears to be in respiratory distress, the inmate is taken immediately to the emergency room. Additionally, inmates will never be denied necessary medical care due to a lack of sufficient funds.

14. Mr. Stevens did not indicate to me at any time that he was in respiratory distress. I did not see him in respiratory distress nor did anybody inform me that he was in respiratory distress. I knew that Mr. Stevens had an Albuterol inhaler with him in his cell and that when requested, he was provided with a nebulizer treatment.

15. On January 28, 2006, Mr. Stevens submitted an inmate request form complaining of a rash on his arm. I provided him with four packages of Hydrocortisone cream. Mr. Stevens did not request any further medical treatment regarding the rash.

16. On February 18, 2006, after he had been provided with the Aerobid inhaler which he had now been using for more than two months, Mr. Stevens was brought to the nurse's office for a nebulizer treatment. Mr. Stevens was administered the breathing treatment.

17. On February 25, 2006, Mr. Stevens submitted a medical request form complaining of pain in his left eye and stating that another inmate said it appeared to be a blood clot. I conferred with staff from Chittick's Eye Care, who spoke with a doctor, and was informed that it was most likely a broken blood vessel which would resolve itself. I monitored the situation and it did resolve itself. Mr. Stevens did not request any further medical treatment regarding his eye.

Further affiant sayeth not.

_____
LYNN GALLOWAY

SUBSCRIBED and SWORN to before
me this 19th day of October, 2007.

_____
NOTARY PUBLIC

OFFICIAL SEAL
BRENDA B. BROWN
Notary Public, State of Illinois
My Commission Expires 05-02-11

4